**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI**

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ) ) ) |
| **Plaintiff,** | ) **CIVIL ACTION NO.  08-676** ) ) |
| **v.** | ) ) **COMPLAINT** |
| **MRW, INC. d/b/a SUBWAY** | ) ) ) |
| **Defendant.** | ) ) **JURY TRIAL DEMAND** ) |

## NATURE OF THE ACTION

The United States Equal Employment Opportunity Commission (the "Commission") brings this action against MRW, Inc. d/b/a Subway ("Subway"), pursuant to Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 in order to correct Subway's unlawful employment practices on the basis of sex, specifically pregnancy, and to provide appropriate relief to Stephanie Harris (Harris) who was adversely affected by such practices. As alleged in paragraph seven below, the Commission alleges that Subway discriminated against Harris because of her sex, female, and her pregnancy.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.	The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Ohio, Western Division at Cincinnati.

## PARTIES

3.	Plaintiff, the Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.	Defendant, Subway, is currently a corporation and at all relevant times has continuously been a corporation doing business in the State of Ohio and the City of Cincinnati, and has continuously had at least 15 employees.

5.	At all relevant times, Subway has been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6.	More than thirty days prior to the institution of this lawsuit, Harris filed a charge with the Commission alleging violations of Title VII by Subway.  All conditions precedent to the institution of this lawsuit have been fulfilled.

7.	From at least November 28, 2007, Subway engaged in unlawful employment practices within its facilities in Cincinnati, Ohio, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1).  On or about November 28, 2007, Subway discharged Harris from employment with Subway due to her sex, female, and pregnancy.

8. The effect of the practices complained of in paragraph seven above has been to deprive Harris of equal employment opportunities and to otherwise adversely affect her employee status because of her sex.

9. The unlawful employment practices complained of in paragraph seven above were intentional and done with malice or reckless indifference to Harris's federally protected rights.

## PRAYER FOR RELIEF

**WHEREFORE**, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Subway, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in discrimination based on sex and pregnancy.

B. Order Subway to institute and carry out policies, practices, and programs which provide equal employment opportunities for females and which eradicate the effects of its past and present unlawful employment practices based on sex and pregnancy.

C. Order Subway to make Harris whole by providing appropriate back pay with prejudgment interest in amounts to be determined at trial and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order Subway to make Harris whole by providing her compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph seven above in amounts to be determined at trial.

E. Order Subway to make Harris whole by providing her compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraph

seven above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, embarrassment and humiliation, in amounts to be determined at trial.

     F.     Order Subway to pay Harris punitive damages for its malicious and reckless conduct described in paragraph seven above, in amounts to be determined at trial.

     G.     Grant such further relief as the Court deems necessary and proper in the public interest.

     H.     Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

s/ Laurie A. Young
LAURIE A. YOUNG, #11480-49
Regional Attorney

s/ Michelle Eisele
MICHELLE EISELE, #12070-49
Supervisory Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Indianapolis District Office
101 W. Ohio St., Suite 1900
Indianapolis, IN 46204-4203

s/ Kenneth W. Brown
KENNETH W. BROWN
Kentucky Bar #: 86402
Senior Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
  COMMISSION
Louisville Area Office

600 Martin Luther King, Jr. Place
Suite 268
Louisville, Kentucky 40202-2285
(502) 582.5440 (Direct Dial)
(502) 582.5895 (Facsimile)